UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**EZELL MILLER**                                                                                              **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 5:19-CV-P188-TBR**

**GEORGE WORKMAN** *et al.*                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by Plaintiff Ezell Miller pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, some claims will be dismissed, and others will be allowed to proceed.

### I.

When Plaintiff initiated this action, he was a pretrial detainee incarcerated in the Graves County Jail (GCJ) in Mayfield, Kentucky. He sues GCJ Jailer George Workman and GCJ Deputy Jailer Edward Jackson in their official and individual capacities. He also sues the Mayfield Messenger newspaper. Plaintiff alleges that these Defendants violated his constitutional rights and/or defamed him in violation of Kentucky state law. As relief, Plaintiff seeks compensatory and punitive damages.

### II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A. Constitutional Claims**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. Gomez v. Toledo, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991).

**1. Defendant GCJ Jailer Workman**

As indicated above, Plaintiff sues Defendant Workman in both his official and individual capacities for violating his rights by "racially profiling" him. Plaintiff makes the following allegations:

> While I've been here at the facility I've had White Officers tell me to my face that the reason(s) people of color are being treated the way they are at this facility [] is because they are black. I get no priviledge. Most of my rights and priviledges have been violated as well as revoked. [Defendant GCJ] Jailer Workman said that he was gonna make an example out of me. The majority of his staff has quit or been fired because they refuse to treat us like the way they are told too do. They know that we as people of color are being mistreated…their words are "White is right; Black is bad . . . We take care of our own rule . . ." They have units for people like me with my type of charge. I'm not allowed in population. Why? I don't know. But I'm being held in the hole and treated as though I'm an animal. . . . As long as George Workman is the Jailer I will never see the outside of my cell.

3

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Based upon Plaintiff's allegations of racial discrimination against him, the Court will allow claims under the Equal Protection Clause to proceed against Defendant Workman in both his official and individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### 2. Defendant Mayfield Messenger

Plaintiff also alleges that he was "racially profiled" by the Mayfield Messenger when it published a photo of his torso "exploiting my tattoos" beside an article about gang violence.

Even if Plaintiff's allegations supported such, he cannot bring a constitutional claim against the Mayfield Messenger because a newspaper is not a state actor. *See, e.g.*, *Davis v. Janczewski*, 22 F. App'x 533, 534 (6th Cir. 2001) ("[D]efendant Janczewski cannot be said to have been acting under color of state law in reporting for a local newspaper."); *Hall v. Witteman*, No. 07-4128-SAC, 2008 U.S. Dist. LEXIS 77479, at *11-12 (D. Kan. Oct. 1, 2008) ("Generally, a newspaper is a private enterprise, not a state actor and cannot be held liable under § 1983 for publishing the news. This remains true even when the newspaper publishes information received from police or other state officials.") (internal citations omitted); *see also Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct.") (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (internal quotation marks and citations omitted).

Thus, the Court will dismiss Plaintiff's constitutional claim against the Mayfield Messenger for failure to state a claim upon which relief may be granted.

### B. State-Law Defamation Claims

Plaintiff also claims that the three Defendants defamed his character when the photograph of his torso was published in the Mayfield Messenger beside an article about gang violence. Regarding the article and photograph, Plaintiff states that, even though his face was not shown, he "knew it was me being used as an example trying to implicate me in investigation without my knowledge . . . putting me in the middle of an investigation that has nothing to do with me or my said charges."

In Kentucky, defamation is "the injury to the reputation of a person in public esteem." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004), *overruled on other grounds by Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014) (internal quotation and citation omitted). A prima facie case of defamation requires proof of: (1) defamatory language, (2) about the plaintiff, (3) which is published, and (4) which causes injury to reputation. *Stringer*, 151 S.W.3d at 793. The alleged defamatory language must be "broadly construed as language that 'tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" *Id*. If the statement is not reasonably understood to be about the plaintiff, there can be no liability. *Id*. at 794. In other words, "[w]hen the defamatory statement does not name the defamed person, that person must prove that the article refers to himself." *Nat'l College of Ky, Inc. v. Wave Holdings, LLC*, 536 S.W. 3d 218, 223 (Ky. Ct. App. 2017) (quoting E. *W. Scripps Co. v. Cholmondelay*, 569 S.W.2d 700, 702 (Ky. Ct. App. 1978)).

Here, Plaintiff does not allege that he was named in the article about gang activity and he specifically states that his face was not shown in the accompanying photograph. Moreover, he only indicates that he recognized his torso in the photograph. In light of the above standard, the

Court finds that Plaintiff's allegations are too conclusory to state a claim for the defamation of character upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's constitutional claim against the Mayfield Messenger and his state-law claims for defamation of character against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

As such, the **Clerk of Court** is **DIRECTED** to **terminate GCJ Deputy Jailer Jackson and the Mayfield Messenger as parties to this action**.

The Court will enter a Service and Scheduling Order to govern the development of the claims it has allowed to proceed against GCJ Jailer Workman under the Equal Protection Clause of the Fourteenth Amendment in his official and individual capacities.

Date:

cc: Plaintiff, *pro se*
     Defendants
     Graves County Attorney
4413.011